UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY RIPPETO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.   4:12CV01192 AGF |
| ) | |
| DE-MAC EQUIPMENT CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for default judgment against Defendant De-Mac Equipment Corporation.  For the following reasons, the motion for default judgment will be granted.

## BACKGROUND

Plaintiffs filed this action on July 3, 2012, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132 & 1145; and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Plaintiffs are three members of the Joint Board of Trustees, which is the administrator of the Pension and Welfare Trusts ("Pension Trusts") of District No. 9, International Association of Machinists and Aerospace Workers ("Union").

The complaint alleges that Defendant failed to make the contributions to the Pension Trust from December 2011 through April 2012 required of it under the collective bargaining agreement between the Union and Defendant.  Plaintiffs seek in the complaint $1,932.00 for actual damages sustained by the Pension Trusts for the period of December 2011 through April 2012, plus all unpaid amounts that will have become due subsequent to April 2012, liquidated damages at the rate of 20 percent of the principal amount due,

interest as statutorily provided, attorney's fees, costs, and an order requiring Defendant to timely make any subsequent contributions.

The record reflects service of summons and the complaint on Defendant on July 10, 2012.  Defendant failed to file an answer or other responsive pleading within the time required by Federal Rule of Civil Procedure 12 and, on October 11, 2012, the Clerk of Court entered default against it.

In their motion for default judgment against Defendant, Plaintiffs request a total award of $2,928.10.[1]  This amount includes $1,771.00 in back contributions from March 2012 through September 2012, $354.20 in liquidated damages, $398.00 in attorney's fees, and $404.90 in costs.  In support of their motion, Plaintiffs filed the affidavit of Anne White, a bookkeeper with the Union, stating that Defendant is a party to a collective bargaining agreement with the Union and that Defendant owes $1,771.00 in back contributions and $354.20 in liquidated damages to the Pension Trusts from March 2012 through September 2012. (Ex. 2.)  Plaintiffs additionally filed copies of the signed collective bargaining agreements between the Union and Defendant, one from November 1, 2011 to April 30, 2012, and the other from May 1, 2012 to October 31, 2012.  (Exs. 3, 4.)  In support of their request for attorneys' fees and costs, Plaintiffs submitted the affidavit of Michael A. Evans, Plaintiffs' attorney, detailing the attorney's fees and court costs.  (Ex. 1.)

## DISCUSSION

Entry of default by the Clerk of Court pursuant to Federal Rule of  Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to

---

[1] Plaintiffs no longer seek a Court order requiring Defendant to timely make any subsequent contributions or interest on the back contributions.

grant default judgment is a separate question within the discretion of the Court.  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).  After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  *Marshall v. Baggett,*  616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) (" 'An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied.' ").  However, while factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven.  *Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008)*; Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

In an ERISA case, the court has the discretion to determine damages based on "detailed affidavits or documentary evidence."  *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall, Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citation omitted); *see also Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944))).  When a court enters judgment against a defendant for contributions owed under a collective bargaining agreement, ERISA provides that the court shall award the plan (1) the unpaid contributions, (2) the interest on the unpaid contributions, (3) the greater of the amount of interest on the unpaid contributions or the amount of liquidated damages provided for under the plan, not in excess of 20 percent of the amount of unpaid contributions, and (4) reasonable attorney's fees and costs of the action.  29 U.S.C. § 1132(g)(2).

3

Upon review of the record, the Court concludes that Plaintiffs have provided appropriate records and affidavits in support of an award for the delinquent contributions sought and liquidated damages thereon (Exs. 2, 4, 5), and for the attorney's fees sought (Ex. 1). The Court also concludes that the attorney's fees requested are reasonable, at a billing rate for associates at $165.00 per hour for a total of 2.0 attorney hours and a billing rate for paralegal services at $85.00 for a total of 0.8 paralegal hours. With regard to the requested costs, the Court will award Plaintiffs $404.90 in costs for the $350.00 filing fee and the $54.90 for service of process.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**. (Doc. No. 5.)

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs $1,771.00 in contributions due to the Pension Trusts for the period of March 2012 through September 2012, plus liquidated damages in the amount of $354.20.

**IT IS FURTHER ORDERED** that Defendant shall pay Plaintiffs costs of $404.90, plus attorney's fees in the amount of $398.00.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order via regular and certified mail to Defendant at the following address: De-Mac Equipment Corp., 3749 Aldine Ave., St. Louis, MO 63113.

A separate Judgment shall accompany this Memorandum and Order.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of October, 2012.